IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **CECELIA BARDELES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **WELLPATH, LLC a/k/a** | ) |
| **CORRECT CARE SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW Plaintiff, Cecelia Bardeles (hereinafter referred to as "Plaintiff"), by and through her counsel, Rebecca M. Randles, RANDLES MATA, LLC. 851 NW 45th Street, Suite 310, Kansas City, Missouri 64116 and for her claims against the defendant alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331; 28 U.S.C. Section 1332; 28 U.S.C. Section 1343; 28 U.S.C. Section 1367; 28 U.S.C. Section 451; and 42 U.S.C. Section 2000e *et seq.*

2. This action is also authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. Section 2000e, et seq., and the Civil Rights Act of 1991. Supplemental jurisdiction over the Kansas state law-based claim is authorized by 28 U.S.C. Section 1367.

3. This Court has venue over this action pursuant to 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1391(a), (b), and (c). The employment practices alleged to be unlawful were committed, in relevant part, within the jurisdiction of the United States District Court for the District of Kansas.

1

4. All conditions precedent to jurisdiction under Title VII have occurred or have been met. A true and correct copy of the Notice of Suits Rights issued by the U.S. Equal Employment Opportunity commission on August 4, 2020 is attached hereto as Exhibit A.

## PARTIES

5. Plaintiff is an individual residing in Kansas City, Wyandotte County, Kansas.

6. Defendant WellPath, LLC a/k/a Correct Care Solutions, LLC (hereinafter referred to as "WellPath") provides health care services located in Kansas City, Wyandotte County, Kansas.

7. WellPath is one of the largest medical providers to jails and prisons with an estimated 11,687 employees.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. At all relevant times herein, Defendants have continuously done business in the State of Kansas, operating for-profit health care services for prisons, jails, rehabilitation centers, and other organizations.

9. Plaintiff became an employee of WelPath on or about April 10, 2019, and was officially employed there until on or about December 19, 2019.

10. At all relevant times herein, Plaintiff was qualified to perform the essential duties of her job and her performance at work was satisfactory.

11. On or about October 2019, the Plaintiff was made aware of her pregnancy, and informed her office of her expectant condition and projected due date.

12. As a direct result of the Plaintiff's pregnant condition, the Plaintiff was adversely subjected to disparate treatment and to a hostile work environment.

13. Plaintiff was terminated from her position on December 19, 2019.

14. Plaintiff had afforded the Defendant all required opportunities to remedy its breach and has exhausted all of her administrative remedies prior to filing this action.

## CLAIM I: DISPARATE TREATMENT (SEX/PREGNANCY DISCRIMINATION)

15. Plaintiff incorporates herein by this reference each and every allegation, averment, and statement heretofore pleaded.

16. Plaintiff's job duties included assessment and intake of inmates, medication management, glucose testing, sick calls, medical transfer, emergency calls, and juvenile work at night.

17. In December 2019, following her 90-day probationary period, Plaintiff was very sick with the flu. She went to the emergency room at St. Luke's and was diagnosed with flu, dehydration, and gestational diabetes.

18. Plaintiff called in that day and was told by co-worker Daniella that she could take the day off.

19. The next day, Plaintiff was told she was being discharged for absences and because it would be better for her pregnancy.

20. When she missed work, Plaintiff used her sick time and did not overuse it.

21. Those who are pregnant have been treated differently from similarly situated employees who were not pregnant, in that no similarly situated employee who was not pregnant was terminated for excess absences while having leave available to them.

22. The Defendant had a policy or practice of treating pregnant employees differently from those who were not pregnant.

23. Other non-pregnant employees who had greater numbers of absences and tardies were not terminated or were given part-time positions while Plaintiff was terminated.

24. Plaintiff was also reprimanded for simple incidents whereas other employees were not, all on account of her sex and pregnancy condition.

3

25. Additionally, male employees were treated more favorably than similarly situated female employees. For example, a similarly situated male employee was regularly allowed to leave his shift early to pick up his children while Plaintiff was given a tardy for doing that.

26. As a direct consequence of said discriminatory disparate treatment, Plaintiff is entitled to recover compensatory damages from and against the Defendants, including, but not limited to, mental distress, loss of pay, loss of benefits, front pay, and other compensatory damages.

## CLAIM II: SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

27. Plaintiff incorporates herein by this reference each and every allegation, averment, and statement heretofore pleaded.

28. Defendant failed to adequately address and remedy Plaintiff's complaints of a hostile work environment, in violation of its own policy toward sexual harassment by co-employees, members of management, and residents.

29. As a direct consequence of said sexual harassment and hostile environment, Plaintiff is entitled to recover compensatory damages from and against the Defendants, including, but not limited to, mental distress, loss of pay, loss of benefits, front pay, and other compensatory damages.

## CLAIM III: DISCHARGE

30. Plaintiff incorporates herein by this reference each and every allegation, averment, and statement heretofore pleaded.

31. Plaintiff was terminated due to her pregnancy and/or gender.

32. As a direct consequence of said discharge, Plaintiff is entitled to recover compensatory damages from and against the Defendants, including, but not limited to, mental distress, loss of pay, loss of benefits, and other compensatory damages.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Issue a declaratory judgment that the acts, practices, and procedures of the Defendants violated rights of the Plaintiff under Title VII of the Civil Rights Act of 1965;

B.  Issue a judgment against the Defendants for all the damages which Plaintiff has incurred, including back pay, future pay, lost benefits, and all compensatory damages to which the Plaintiff is entitled;

C.  Issue a judgment against the Defendants for any punitive and/or statutory damages to which the Plaintiff is entitled due to the Defendants' intentional violations of the rights of the Plaintiff;

D.  Award Plaintiff her reasonable attorney fees, costs, and expenses;

E.  Award to Plaintiff such other and further relief as may be appropriate.

Respectfully submitted,

*/s/ Rebecca M. Randles*
Rebecca M. Randles          KS #16832
**RANDLES MATA, LLC**
851 NW 45th Street
Suite 310
Kansas City, Missouri 64116
(816) 931-9901
(816) 931-0134 (FAX)
Rebecca@randlesmatalaw.com

Attorney for Plaintiff

6