## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CECELIA BARDELES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:20-cv-02546-HLT-JPO** |
| | ) | |
| WELLPATH, LLC, A/K/A | ) | |
| CORRECT CARE SOLUTIONS, LLC | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Comes Now Defendant Wellpath, LLC ("Wellpath" or "Defendant")), by and through its attorneys of record, and for its Answer to Plaintiff Cecelia Bardales' ("Plaintiff")[1] Complaint, states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331; 28 U.S.C. Section 1332; 28 U.S.C. Section 1343; 28 U.S.C. Section 1367; 28 U.S.C. Section 451; and 42 U.S.C. Section 2000e *et seq.*

**ANSWER:** Wellpath admits that Plaintiff's Complaint purports to state claims pursuant to which this Court would have jurisdiction. Wellpath specifically denies, however, that any cause of action exists and denies any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

---

[1] Wellpath believes that Plaintiff's name is spelled "Bardales" and not "Bardeles" as noted in the case caption.

2.      This action is also authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. Section 2000e, et seq., and the Civil Rights Act of 1991. Supplemental jurisdiction over the Kansas state law-based claim is authorized by 28 U.S.C. Section 1367.

**ANSWER:** Wellpath admits that Paragraph 2 Plaintiff's Complaint purports to state claims pursuant to which this Court would have jurisdiction but specifically denies that any such cause of action exists and denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      This Court has venue over this action pursuant to 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1391(a), (b), and (c). The employment practices alleged to be unlawful were committed, in relevant part, within the jurisdiction of the United States District Court for the District of Kansas.

**ANSWER:** Wellpath admits that Plaintiff's Complaint purports to state claims pursuant to which this court would have venue.  Defendant specifically denies, however, that any such cause of action exists and denies any remaining allegation contained in Paragraph 3 of Plaintiff's Complaint.

4.      All conditions precedent to jurisdiction under Title VII have occurred or have been met. A true and correct copy of the Notice of Suits Rights issued by the U.S. Equal Employment Opportunity commission on August 4, 2020 is attached hereto as Exhibit A.

**ANSWER:** Paragraph 4 contains legal conclusion to which no answer is required and affirmatively states that the "Notice of Suits Rights", attached as **Exhibit A**, speaks for itself. To the extent a response is required, Wellpath denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5.     Plaintiff is an individual residing in Kansas City, Wyandotte County, Kansas.

**ANSWER:** Wellpath is without sufficient information to admit or deny Plaintiff's residence and, therefore, denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Defendant WellPath, LLC a/k/a Correct Care Solutions, LLC (hereinafter referred to as "WellPath") provides health care services located in Kansas City, Wyandotte County, Kansas.

**ANSWER:** Wellpath admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     WellPath is one of the largest medical providers to jails and prisons with an estimated 11,687 employees.

**ANSWER:** Wellpath admits that it is a medical provider for jails/prisons and employs over 500 employees. Wellpath denies any remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS

8.     At all relevant times herein, Defendants have continuously done business in the State of Kansas, operating for-profit health care services for prisons, jails, rehabilitation centers, and other organizations.

**ANSWER:** Wellpath admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     Plaintiff became an employee of WellPath on or about April 10, 2019, and was officially employed there until on or about December 19, 2019.

**ANSWER:** Wellpath admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     At all relevant times herein, Plaintiff was qualified to perform the essential duties of her job and her performance at work was satisfactory.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     On or about October 2019, the Plaintiff was made aware of her pregnancy, and informed her office of her expectant condition and projected due date.

**ANSWER:** Wellpath admits that it was informed of Plaintiff's pregnancy but is without sufficient information to admit or deny the specific time it learned of the pregnancy and, therefore, denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies each such allegation.

12.     As a direct result of the Plaintiffs pregnant condition, the Plaintiff was adversely subjected to disparate treatment and to a hostile work environment.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Plaintiff was terminated from her position on December 19, 2019.

**ANSWER:** Wellpath admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Plaintiff had afforded the Defendant all required opportunities to remedy its breach and has exhausted all of her administrative remedies prior to filing this action.

4

**ANSWER:** Paragraph 14 contains legal conclusions to which no answer is required. To the extent a response is required, Wellpath denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## CLAIM I: DISPARATE TREATMENT (SEX/PREGNANCY DISCRIMINATION)

15.   Plaintiff incorporates herein by this reference each and every allegation, averment, and statement heretofore pleaded.

**ANSWER:** Wellpath incorporates by reference, as if fully stated herein, its answers and responses to the above paragraphs, including all denials.

16.   Plaintiff's job duties included assessment and intake of inmates, medication management, glucose testing, sick calls, medical transfer, emergency calls, and juvenile work at night.

**ANSWER:** Wellpath admits that Paragraph 16 contains a listing of some, but not all, of Plaintiff's job duties.

17.   In December 2019, following her 90-day probationary period, Plaintiff was very sick with the flu. She went to the emergency room at St. Luke's and was diagnosed with flu, dehydration, and gestational diabetes.

**ANSWER:** Wellpath admits that it was informed Plaintiff would be unable to attend her scheduled shift on at least two occasions in December 2019 but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies each such allegation.

18.   Plaintiff called in that day and was told by co-worker Daniella that she could take the day off.

5

**ANSWER:** Wellpath admits that if it was informed Plaintiff was sick, Daniella Gregory, a supervisory employee, would have instructed Plaintiff to stay home. Wellpath is unable to admit or deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint because it is unclear from the allegations what day "that day" is referencing.

19.     The next day, Plaintiff was told she was being discharged for absences and because it would be better for her pregnancy.

**ANSWER:** Wellpath admits that Plaintiff's employment was terminated on or about December 19, 2019 for attendance and tardiness issues. Wellpath denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     When she missed work, Plaintiff used her sick time and did not overuse it.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Those who are pregnant have been treated differently from similarly situated employees who were not pregnant, in that no similarly situated employee who was not pregnant was terminated for excess absences while having leave available to them.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     The Defendant had a policy or practice of treating pregnant employees differently from those who were not pregnant.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Other non-pregnant employees who had greater numbers of absences and tardies were not terminated or were given part-time positions while Plaintiff was terminated.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Plaintiff was also reprimanded for simple incidents whereas other employees were not, all on account of her sex and pregnancy condition.

**ANSWER:** Wellpath admits that Plaintiff was counselled regarding attendance issues, starting within her initial 90 days of employment.  Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Additionally, male employees were treated more favorably than similarly situated female employees. For example, a similarly situated male employee was regularly allowed to leave his shift early to pick up his children while Plaintiff was given a tardy for doing that.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     As a direct consequence of said discriminatory disparate treatment, Plaintiff is entitled to recover compensatory damages from and against the Defendants, including, but not limited to, mental distress, loss of pay, loss of benefits, front pay, and other compensatory damages.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to any damages or other relief.

WHEREFORE, having fully answered the allegations contained in Count I of Plaintiff's Complaint, Defendant Wellpath, LLC prays for judgment in its favor and against Plaintiff and for

reasonable attorneys' fees and costs incurred in connection with this litigation, and for any other relief the Court deems just and proper.

### CLAIM II: SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

27.     Plaintiff incorporates herein by this reference each and every allegation, averment, and statement heretofore pleaded.

**ANSWER:** Wellpath incorporates by reference, as if fully stated herein, its answers and responses to the above paragraphs, including all denials.

28.     Defendant failed to adequately address and remedy Plaintiff's complaints of a hostile work environment, in violation of its own policy toward sexual harassment by co-employees, members of management, and residents.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 28 of Plaintiff's Complaint and specifically denies that Plaintiff ever complained of a hostile work environment.

29.     As a direct consequence of said sexual harassment and hostile environment, Plaintiff is entitled to recover compensatory damages from and against the Defendants, including, but not limited to, mental distress, loss of pay, loss of benefits, front pay, and other compensatory damages.

**ANSWER:** Wellpath specifically denies that any sexual harassment or hostile environment existed and denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

WHEREFORE, having fully answered Count II of Plaintiff's Complaint, Defendant Wellpath, LLC prays for judgment in its favor and against Plaintiff and for reasonable attorneys'

fees and costs incurred in connection with this litigation, and for any other relief the Court deems just and proper.

## CLAIM III: DISCHARGE

30.     Plaintiff incorporates herein by this reference each and every allegation, averment, and statement heretofore pleaded.

**ANSWER:** Wellpath incorporates by reference, as if fully stated herein, its answers and responses to the above paragraphs, including all denials.

31.     Plaintiff was terminated due to her pregnancy and/or gender.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     As a direct consequence of said discharge, Plaintiff is entitled to recover compensatory damages from and against the Defendants, including, but not limited to, mental distress, loss of pay, loss of benefits, and other compensatory damages.

**ANSWER:** Wellpath denies the allegations contained in Paragraph 32 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to any damages or other relief.

WHEREFORE, having fully answered the allegations contained in Count III of Plaintiff's Complaint, Defendant Wellpath, LLC prays for judgment in its favor and against Plaintiff and for reasonable attorneys' fees and costs incurred in connection with this litigation, and for any other relief the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Wellpath denies each and every allegation contained in Plaintiff's Complaint which has not been specifically admitted herein.

2.      Each and every count of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.      Plaintiff's claims may be barred, in whole or in part, due to her failure to exhaust administrative remedies to the extent some of the allegations alleged in Plaintiff's Complaint were not included in her Charge of Discrimination, or upon information and belief, encompassed within the agency's investigation.

4.      To the extent Wellpath otherwise would be legally responsible for any actions taken with respect to Plaintiff, which Wellpath denies, such actions were at all times taken in good faith and for legitimate business reasons and not for any discriminatory, harassing, retaliatory, or illegal purpose, and that the same actions would have been taken based on legitimate, nondiscriminatory grounds regardless of Plaintiff's alleged membership in any protected class or her alleged engagement in any protected activity.

5.      Plaintiff's claims are barred because Wellpath exercised reasonable care to prevent and correct promptly any alleged harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Wellpath or to avoid harm otherwise.

6.      Plaintiff has failed to allege facts sufficient to give rise to a claim for punitive or exemplary damages.

7.      Any award of punitive damages would deprive Wellpath of property without due process of law in violation of Wellpath's rights under federal and/or state constitutions, and the standard for determining whether to impose punitive damages is vague and indefinite, does not provide adequate guidance for the trier of fact, and fails to require proof by an appropriate standard.

8.      Any action taken by Wellpath with respect to Plaintiff's employment giving rise to claims for damages, the existence of which Wellpath specifically denies, was not undertaken maliciously and did not demonstrate any evil motive or reckless indifference to Plaintiff's rights under state or federal law.

9.      Wellpath denies that it engaged in any wrongful or unlawful conduct and denies that Plaintiff is entitled to any legal and/or equitable relief.

10.     Plaintiff's claim for punitive damages is barred by the *Kolstad* affirmative defense because Wellpath made good faith efforts to prevent discrimination and to comply with all applicable laws.

11.     Plaintiff's claim for punitive damages must be proven by clear and convincing evidence.

12.     Plaintiff may be barred from pursuing her claims due to her own actions and course of conduct.

13.     To the extent Plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that Plaintiff's involvement in any protected activity was a factor in any of Defendant's decisions at issue (which Defendant absolutely denies), Defendant is entitled to judgment, in whole or in part, because the

same decisions would have been made irrespective of whether Plaintiff's membership in a protected class or participation in any protected activity was taken into account.

14.    Defendant would have made the same employment decision(s) with respect to Plaintiff absent any alleged or impermissible considerations, the existence of which Defendant specifically denies.

15.    Although Defendant denies any improper behavior, Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and promptly correct any alleged improper behavior and Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendant.

16.    Plaintiff has failed to mitigate her damages (if any).

17.    Plaintiff's claims are barred because Wellpath acted in good faith to comply with all applicable laws, and any alleged discrimination, harassment, retaliation or other wrongdoing, which Wellpath denies occurred, is contrary to Wellpath's good-faith efforts.

18.    Wellpath reserves the right to respond further and to assert any additional affirmative defenses as they become evident through discovery or investigation, including the defense of after-acquired evidence.

DATE:  March 12, 2021                            Respectfully submitted,

                                                      JACKSON LEWIS P.C.

                                                    */s/ Karen R. Glickstein*
                                                    Karen R. Glickstein, KS #14036
                                                    Joshua J. Cervantes, KS #78650
                                                    7101 College Blvd, Suite 1200
                                                    Overland Park, KS 66210
                                                    Telephone: (913) 981-1018
                                                    Facsimile: (913) 981-1019
                                                    Karen.Glickstein@jacksonlewis.com
                                                    Joshua.Cervantes@jacksonlewis.com

                                                    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

        I hereby certify that on the 12th day of March 2021, a true and accurate copy of the above and foregoing was submitted via the court's CM/ECF system, which will send a notice of filing to the following counsel of record:

        Rebecca M. Randles, KS#16832
        Randles Mata, LLC
        851 NW 45th St., Ste. 310
        Kansas City, MO 64116
        (816) 931-9901
        Rebecca@randlesmatalaw.com

        ATTORNEY FOR PLAINTIFF

                                                    */s/  Karen R. Glickstein*
                                                    AN ATTORNEY FOR WELLPATH, LLC

4843-7859-7853, v. 1